951 F.2d 1258
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 John D. ARCHER and Elizabeth B. Archer,
Plaintiffs-counter-defendants-Appellants,
v.
Jack GRYNBERG, Defendant-counter-claimant-Appellee.
 No. 90-4166.
 United States Court of Appeals, Tenth Circuit.
 Dec. 12, 1991.
 
 Before HOLLOWAY, MCWILLIAMS and TACHA, Circuit Judges.
 ORDER AND JUDGMENT*
 TACHA, Circuit Judge.
 
 
 1
 Plaintiffs-petitioners John D. Archer and Elizabeth B. Archer appeal from three separate orders of the district court. In these three orders, the district court held: (1) that defendant's liability to plaintiffs may result only from defendant's gross negligence or willful misconduct as stated in the Operating Agreement between plaintiffs and defendant, (2) that the Operating Agreement's exculpatory clause, as applied in this case, is not unenforceable as contrary to New Mexico public policy, and (3) that a protective order was appropriate to prevent plaintiffs from communicating with or calling as a trial witness David E. Smink, an expert witness retained by defendant in preparation for trial and who is not expected to be called by plaintiffs as a witness at trial. We exercise jurisdiction of this interlocutory appeal under 28 U.S.C. § 1292(b), and we affirm the district court's holding with respect to the first two issues for substantially the same reasons given by the district court in orders entered on June 1, 1990 and on August 17, 1990. We also affirm the district court's protective order with regard to expert David E. Smink for the reasons stated below.
 
 
 2
 Defendant Grynberg retained Smink, a petroleum engineer, to assist in preparation for this lawsuit and to testify at trial. The parties took Smink's deposition. After employing Smink for some time, defendant decided not to call Smink and removed his name from the witness list. Plaintiffs later contacted Smink and inquired about the possibility of placing Smink on their own witness list. Upon defendant's motion, the district court entered a protective order prohibiting plaintiffs from contacting Smink or from calling him as a witness at trial.
 
 
 3
 A district court has broad discretion with respect to discovery protective orders, see In re Standard Metals Corp., 817 F.2d 625, 628 (10th Cir.), reh'g granted, 839 F.2d 1383 (10th Cir.1987), cert. dismissed, 488 U.S. 881 (1988), and with respect to the determination of whether to admit an expert's testimony at trial, see LeMaire v. United States, 826 F.2d 949, 952-53 (10th Cir.1987). We reverse either of these determinations only if we find that the district court has abused its discretion.
 
 
 4
 Federal Rule of Civil Procedure 26(b)(4)(B) provides that
 
 
 5
 [a] party may discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness at the trial, only as provided in Rule 35(b) or upon a showing of exceptional circumstances under which it is impracticable for the party seeking discovery to obtain facts or opinions on the subject by other means.
 
 
 6
 Fed.R.Civ.Proc. 26(b)(4)(B). Smink clearly qualifies as a "an expert who has been retained or specially employed by another party in anticipation of litigation or preparation for trial and who is not expected to be called as a witness." Defendant claims that he has invested time and money in his preparation with Smink and that he worked with Smink and attorneys as a team in preparing a trial strategy. He argues that plaintiffs' use of Smink as an expert witness and in preparation for trial would compromise his trial strategy. Plaintiffs, on the other hand, argue that contacting Smink and calling him as a witness does not constitute discovery of either "facts known or opinions held."
 
 
 7
 Plaintiffs do not allege that Smink is a particularly unique expert or that they are unable to employ a petroleum engineer with similar expertise. Given the fact that defendant shared information and strategy with Smink and that Smink could possibly divulge--either purposely or inadvertently--some of that information to plaintiffs, we hold that the district court did not abuse its discretion by forbidding plaintiffs to contact Smink or to employ him as an expert witness. The district court's order was properly based on "the principle of fairness that underlies Rule 26(b)(4)(B)." Durflinger v. Artiles, 727 F.2d 888, 891 (10th Cir.1984) (district court acted within its discretion when it prohibited defendants from calling expert witness when plaintiffs might have been prejudiced by expert's testimony because they had formally hired expert and shared important information with him).
 
 
 8
 AFFIRMED.
 
 
 
 *
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3